

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50271 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03571-LAB-1 |
| v. | |
| PAULINO HERRERA-HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before: TASHIMA, SILVERMAN, and WATFORD, Circuit Judges.

We affirm Paulino Herrera-Hernandez's conviction for entering the United

States after having been removed, in violation of 8 U.S.C. § 1326(a).

Herrera-Hernandez has not shown that his due process rights were violated

during the 2008 expedited removal proceedings. To be sure, Herrera-Hernandez

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

struggled to communicate with Officer Lopez in Spanish during the proceedings. Nonetheless, the district court did not clearly err in finding that Herrera-Hernandez knew enough Spanish to "understand the questions posed to him and to communicate his answers." *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000). That finding is bolstered by the district court's credibility determination. Officer Lopez testified that if it had become clear during the interview that Herrera-Hernandez did not understand Spanish, Officer Lopez would have stopped the interview and contacted an interpreter. We give a high degree of deference to factual findings that rest on credibility determinations. *Nichols v. Azteca Restaurant Enters., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001). This standard of review compels us to defer to the district court's determination that Herrera-Hernandez did not need an interpreter during the 2008 proceedings.

Herrera-Hernandez has not shown that Officer Lopez failed to advise him of the charges on Form I-860 during the 2008 removal proceedings. Officer Lopez was required to advise Herrera-Hernandez of the charges against him, *see* 8 C.F.R. § 235.3(b)(2)(i), and absent evidence to the contrary we presume that Officer Lopez followed this regulatory requirement. Here, because the record is silent as to whether Officer Lopez advised Herrera-Hernandez of the charges against him,

Herrera-Hernandez has not carried his burden of proving a due process violation. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 n.12 (9th Cir. 2011).

Because Herrera-Hernandez has not demonstrated that his due process rights were violated during the 2008 expedited removal proceedings, the deportation that resulted from those proceedings is a valid predicate for his conviction under 8 U.S.C. § 1326(a).

**AFFIRMED.**